REQUESTED BY: Dear Senator:
You ask whether the authority to name the new field house lies in the Board of Regents of the University of Nebraska, the Department of Administrative Services, State Building Advisory Commission, State Building Administrator or the Legislature.
It is our understanding that the Legislature authorized the University of Nebraska to construct a new field house on land at the State Fair Grounds. That building was constructed. Under the particular arrangement by which the building was financed, the University pursuant to section85-1,100 the State Board of Agriculture has leased land to the State of Nebraska. Upon that land a field house has been constructed by a separate corporation. That corporation has leased the field house to the Board of Regents of the University of Nebraska pursuant to sections 85-401 and85-402. Section 85-401 after spelling out the manner in which such buildings are to be paid for, provides in part:
 ". . . Said contract shall provide that when the cost of construction or establishment has been paid, together with interest thereon, the buildings and facilities so constructed or established shall become the property of the State of Nebraska."
This presents a situation unlike most others involving University property. Generally the Board of Regents has been established as a governmental corporation with the power to sell and purchase real estate. The Board of Regents has engaged in a number of real estate transactions and presently holds title to real estate in the name of the Board of Regents of the University of Nebraska. The particular statute under which this building was constructed does not result in the Board of Regents owning land upon which the building is situated. Rather, the University has a leasehold interest in the building for a term of years as provided for in the contract between the constructing agency and the University Board of Regents. The land itself remains titled in the name of the State of Nebraska, with a leasehold interest in the land to the corporation on which the building is constructed in accordance with the term of the contract.
Generally the Board of Regents has exercised their authority as the general governing body of the University of Nebraska to establish names for structures owned by the University.
This procedure has not been followed under any specific grant of authority existing in the statutes but rather under the general authority of the Board of Regents to act as a corporation and to own and develop real estate. As the owner of the real estate in question they undoubtedly have the right to name the structures located thereon in any manner that they see fit.
The only statute that specifically deals with the naming of state buildings is section 81-1108.36. That section provides that the Administrator of the State Building Division shall review recommendations and propose names for sites or structures subject to approval by the Governor and the Legislature. In Board of Regents v. Exon, 199 Neb. 146, ___ N.W.2d ___ (1977), the Supreme Court held that a number of sections in Chapter 81, Article 11 were unconstitutional if applied to the Board of Regents since the Board of Regents was a constitutional entity and not subject to having power vested therein delegated to state agencies. For that reason we believe that section 81-1108.36 has no application to any property interest held by the Board of Regents of the University of Nebraska.
It would be absolutely clear to us that if the land upon which the building sits were titled in the Board of Regents and the building were constructed at the behest of the Board of Regents they would undoubtedly have the power to name the building. The complicating factor in our present instance is that the Board of Regents' interest is leasehold in nature and not a fee interest. Section 81-1108.36 speaks in terms of `. . . naming of state owned or leased sites or structures.' Thus, the inquiry must be on the issue of whether or not the state ownership or any lease interest in the site would be such as to make the application of section81-1108.36 mandatory with respect to the athletic facility. In that connection it is interesting to note that the state leases the site to a private nonstate agency who contracted with the Board of Regents to construct a building thereon and to lease the building to the Board of Regents of the University of Nebraska. The state, by virtue of section85-1,100, does have a reversionary interest in the building under the terms of the statute.
However, the building itself and all activities conducted therein are solely under the jurisdiction and control of the Board of Regents of the University of Nebraska. As such it is our conclusion that although there is a state interest in the building such that at the termination of the contract the State Building Administrator may well be empowered to name the building, at the present time that power resides in the Board of Regents under their leasehold interest at least for the term of the leasehold.
We believe that this conclusion is necessary because of the broad governmental powers granted to the Board of Regents under the statutes, particularly Chapter 85, and furthermore as those statutes are construed by Board ofRegents v. Exon, supra. To that extent the determination of the Board of Regents as to the name to be applied to the building during the term of the leasehold while the building is under the control of the Board of Regents would be, in our view, within their governmental prerogatives. The caveat necessary, however, is to recognize that at the termination of that leasehold interest and reversion of the property and the building thereon to the State of Nebraska, the State Building Administrator, assuming section81-1108.36 is still in effect, may well have the right to select a name for the building.
Article III, Section 18 of the Constitution provides:
 "The Legislature shall not pass local or special laws in any of the following case, that is to say:
". . .
"Changing the names of persons or places."
Arguably, this provision of the Constitution can be read to say that once a place name has been adopted, for whatever reason it may have been adopted, the Legislature is not authorized to adopt a special or local law applying solely to that person or place. In this particular instance, should a name be adopted by the Board of Regents under their leasehold interest and their power as a corporation, it may well be that the Legislature at some future date will not be able to change that name. That is not to say, however, that the Legislature may not authorize a particular body to name state held property. This may well include the right to change the name heretofore existing on any particular place. We find no prohibition existing in the Constitution which would otherwise preclude the Legislature from authorizing a particular name for a particular building or site not previously named. However, the Legislature has no interest as such in the fee interest to the athletic facility under consideration here. That reversionary interest that presently exists would only be subject to action by the person authorized by statute at that time. In the absence of such a statutory grant preclusion of legislative action is arguably affected by Article III, Section 18.
The other persons that you refer to in your question the Department of Administrative Services, the State Building Advisory Commission nor as far as we can discern any other person or entity has any statutory authority authorizing such entities to name an athletic facility such as that here under discussion. It is therefore our opinion that the Board of Regents may lawfully adopt a name for the athletic facility under consideration under their general powers of government over the University of Nebraska to the extent that the name will be effective at least until the conclusion of the leasehold interest in the Board of Regents.